SOUTHERN OIL STORES INC. *et al. v.* CITY OF MACON.

JENKINS, Justice.　The act of the legislature, approved March 18, 1937 (Ga. L. 1937, pp. 167, 176; Code Ann. § 92-1403 (G)), known as the "motor-fuel tax law," imposing prescribed taxes on gasoline, kerosene, and other motor fuels, expressly prohibits municipalities from the levy of "any fee, license, privilege, or excise tax or taxes measured or computed in gallons upon the sale, purchase, storage, receipt, distribution, use, consumption, or other disposition of motor fuel and/or kerosene or other like products of petroleum: Provided, however, that nothing here shall prevent the levying by municipalities of reasonable flat license fees or taxes upon the business of selling motor fuel and/or kerosene or other like products of petroleum at wholesale or retail." The City of Macon enacted a license and tax ordinance for the year 1939, imposing taxes on gasoline stations "having a storage capacity for gasoline, not in excess of 500 gallons [of] $25; more than 500 gallons and not in excess of 1150 gallons, $50;" and a scaled increase of such taxes by $25 graduations up to $200 for a storage capacity for gasoline not in excess of 8000 gallons; and $5 additional for each

extra 1000 gallons of such "storage capacity." Gasoline dealers of the City of Macon, attacking this ordinance by a petition for injunction, except to the dismissal of their petition on general demurrer under a holding that the ordinance did not violate the legislative act. *Held:*

1. The ordinance was void as in contravention of the act of 1937, since, although clothed in the language of merely imposing a tax on the gasoline "storage capacity" of filling-stations, its necessary effect was to tax the "storage" of the fuel itself; this for the reason that the business of operating filling-stations could not be taken to consist in the useless maintenance of mere empty gasoline tanks. Accordingly, a tax based on their capacity, being tantamount to a graduated tax on the number of gallons of gasoline to be contained therein, is in violation of the statute. The construction that this ordinance in effect imposes a tax graduated on the gallon basis on the storage of gasoline, and consequently imposes a prohibited additional tax on the commodity itself, is made doubly clear by the provision of the statute permitting the imposition of "*flat* license fees or taxes upon the business of selling motor fuel."

2. For the reasons stated, it was error to dismiss the petition on general demurrer.                *Judgment reversed. All the Justices concur.*

No. 12898. JULY 11, 1939. REHEARING DENIED JULY 27, 1939.

*Martin, Martin & Snow,* for plaintiffs.
*E. W. Maynard* and *Ellsworth Hall Jr.,* for defendant.