CITY OF MACON et al. v. SOUTHERN OIL STORES INC. et al.

JENKINS, Justice. There being no material difference between the 1940 tax ordinance of the city, which levied a graduated tax on gasoline stations, "using in connection with such business twelve," according to the storage capacity of such tanks measured by "cubic feet," and the 1939 ordinance, which levied a tax on such stations in similar graduated amounts measured by the storage capacity of their tanks in terms of "gallons," this case is controlled by the decision in Southern Oil Stores Inc. v. Macon, 188 Ga. 544 (4 S. E. 2d, 243), which we think is sound, wherein this court held that the 1939 ordinance was void as in contravention of the act of March 18, 1937 (Ga. L. 1937, pp. 167, 176; Code Ann. § 92-1403(G)), imposing prescribed taxes on gasoline, kerosene, and other motor fuels, and expressly prohibiting municipalities from levying "any fee, license, privilege, or excise tax or taxes measured or computed in gallons upon the sale, purchase, storage, receipt, distribution, use, consumption, or other disposition of motor fuel," etc. Since the effect of the present ordinance, just as was the case with the former ordinance, is to impose a graduated tax on the number of gallons of gasoline to be contained in the storage-tanks. (1728 cubic inches to cubic foot; 231 cubic inches to gallon) in violation of the terms of the act, the trial court properly so held, and did not err in overruling the city's demurrer to the petition of the gasoline dealers. The fact that the statute permits the imposition by municipalities of "reasonable flat license fees or taxes upon the business of selling motor fuel" only serves to make more clear, rather than to nullify, the explicit inhibition upon any tax by municipalities on the sale or storage of motor fuels computed in gallons. In other words, the State has seen proper to claim for itself, to the exclusion of municipalities, the right to tax the sale or storage of motor fuels measured or computed in gallons, leaving to the municipalities the right to levy "reasonable flat license fees or taxes upon the business" of one so engaged, but without the right to graduate such business tax in so far as it may be in accordance with the number of gallons sold or in storage. This is true irrespective of whether the ordinance seeks to levy the graduated tax computed in gallons eo nomine, or in cubic inches which can mathematically be resolved into their equivalent measured in gallons.

*Judgment affirmed. All the Justices concur.*

No. 13374. JULY 9, 1940. REHEARING DENIED JULY 23, 1940.

*E. W. Maynard* and *J. Ellsworth Hall Jr.*, for plaintiffs in error. *Martin, Martin & Snow*, contra.